UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANCIS BROWN | CIVIL ACTION

VERSUS

DARRYL VANNOY, ET AL. | NO. 24-00912-BAJ-EWD

# RULING AND ORDER

Before the Court is the Magistrate Judge's **Report and Recommendation (Doc. 13, the "Report")** recommending that the Court dismiss the above-captioned matter with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and that the exercise of supplemental jurisdiction be declined. (Doc. 13 at 8). Plaintiff objects to the Report. (Doc. 14). For the following reasons, the Court will **APPROVE IN PART** the Report and **ADOPT IN PART** the same as the Court's opinion in this matter.

Plaintiff brings a retaliation claim under 42 U.S.C. § 1983 against Darryl Vannoy, the Warden of the Louisiana State Penitentiary. Plaintiff alleges that Defendant Vannoy retaliated against him for naming him in another lawsuit. He also alleges that other named and unnamed Defendants participated in Defendant Vannoy's alleged retaliatory actions. (Doc. 4). The Report explains that, first, the retaliation claim against all Defendants besides Defendant Vannoy fails because the Amended Complaint does not demonstrate a conspiracy by connecting any Defendants to one another or providing a motivation for why all Defendants would retaliate on behalf of Defendant Vannoy. Second, the Report further explains

Plaintiff's retaliation claim against Defendant Vannoy fails because Plaintiff does not allege any actions Defendant Vannoy personally took that adversely impacted Plaintiff. The Report recommends dismissing Plaintiff's retaliation claim against all Defendants with prejudice, denying Plaintiff leave to amend, and declining to exercise supplemental jurisdiction over Plaintiff's potential state law claims. Plaintiff does not object to the Report's recommendation to dismiss the retaliation claim against all Defendants besides Defendant Vannoy, nor does he object to the recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims if it finds he fails to state a claim under federal law. However, Plaintiff objects to the Report recommending denying leave to amend with respect to his claim against Defendant Vannoy.

"[Plaintiffs] must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Any allegation that the defendant is responsible for the actions of subordinate officers under a theory of vicarious responsibility or *respondeat superior* alone is insufficient to state a claim under § 1983. *Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of respondeat superior or vicarious liability")). Supervisory officials may be held liable under § 1983 when they are personally involved, *i.e.*, if they affirmatively participate in acts that cause constitutional deprivation or implement unconstitutional policies that cause a plaintiff's injury. *Thompson v. Upshur County*,

245 F.3d 447, 459 (5th Cir. 2001); *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, 718 F.2d 756, 768. (5th Cir. 1983).

Plaintiff asserts that because he is proceeding *pro se*, the Court should be lenient with granting leave to amend. Plaintiff appears to add that, if given the opportunity to amend, he will expound upon the assertion that Defendant Vannoy breached an affirmative duty imposed upon him by state law. (Doc. 14 at 2). *See Lozano v. Smith*, 718 F.2d 756, 768. (5th Cir. 1983). Because Plaintiff is proceeding *pro se*, and because Federal Rule of Civil Procedure 15(a)(2) requires the Court to "freely give leave [to amend] when justice so requires[,]" the Court will provide Plaintiff 30 days to amend his Complaint to elaborate on any alleged breach by Defendant Vannoy of an affirmative duty specially imposed on him by state law.

Having carefully considered Plaintiff's Amended Complaint, the Report, and Plaintiff's objection, the Court **APPROVES IN PART** the Report and the same is **ADOPTED IN PART** as the Court's opinion in this matter. Accordingly,

**IT IS ORDERED** that the retaliation claim against Defendants Demars, Cruz, Lollis, and the unnamed "Secretary I Designee" and unnamed "Unknown Major" is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint and properly effect service within 30 days of the issuance of this order to address the deficiencies regarding the retaliation claim against Defendant Vannoy discussed herein. Any unexcused failure to meet such deadline may result in dismissal of the above-captioned matter without further notice.

Baton Rouge, Louisiana, this 26th day of October, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**